Filed 6/21/23  P. v. Gudino CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>MANUEL GUDINO,<br><br>        Defendant and Appellant. | B324816<br><br>(Los Angeles County<br>Super. Ct. No. VA133041)<br><br>**ORDER MODIFYING OPINION**<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on June 16, 2023, be modified as follows:

On page 1, the reference to "Teri Schwartz, Judge" is replaced with "Lee W. Tsao, Judge".

There is no change in the judgment.

_____

MOOR, J.              BAKER, ACTING, P.J.              KIM, J.

Filed 6/16/23  P. v. Gudino CA2/5 (unmodified opinion)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B324816 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA133041) |
| v. | |
| MANUEL GUDINO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

————————————

Manuel Gudino appeals the trial court's order denying his petition for vacatur of his murder conviction and resentencing under Penal Code section 1172.6.[1]

In 2016, Gudino was convicted of one count of first degree murder (§ 187, subd. (a); count 1) with an enhancement for personal discharge of a firearm causing death (§ 12022.53, subd. (d)), and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2). Gudino admitted that he suffered a prior strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). He was sentenced to 50 years to life in count 1, calculated as 25 years to life each for the murder conviction and firearm enhancement, plus a concurrent two-year term in count 2, and a consecutive term of five years pursuant to section 667, subdivision (a)(1). The trial court struck the prior strike conviction for purposes of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

In 2017, another panel of this court affirmed the convictions. (*People v. Gudino* (Mar. 29, 2017, No. B271693) [nonpub. opn.].)

In 2018, Senate Bill No. 1437 (2017–2018 Reg. Sess.) was enacted. The legislation amended sections 188 and 189, and added former section 1170.95 (now § 1172.6). (Stats. 2018, ch. 1015, §§ 2–4.) Senate Bill No. 1437 limited application of the felony murder rule and eliminated murder based on the natural and probable consequences doctrine. Through former section 1170.95, Senate Bill No. 1437 also created a procedure by which a defendant previously convicted of murder under either of those

---

[1] All further statutory references are to the Penal Code.

2

theories could file a petition for resentencing. Section 1170.95 became effective on January 1, 2019.

In 2022, Gudino filed his section 1172.6 petition.[2] The trial court appointed counsel and held a hearing. The court denied Gudino's petition for failure to make a prima facie case because the jury found Gudino was the actual killer. Gudino timely appealed.

Gudino's counsel filed a brief indicating she could find no arguable issues to raise on appeal and requesting that this court (1) inform Gudino of his right to file a supplemental brief; and (2) exercise our discretion to conduct an independent review of the record. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232.)

After receiving notice, Gudino personally filed a brief raising two issues: (1) his sentence should be reduced pursuant to recently enacted Senate Bill No. 4083, and (2) the trial court's imposition of a term of 25 years to life for the firearm enhancement is cruel and unusual punishment.

We reject Gudino's arguments, and we find that appellate counsel correctly concluded there are no arguable issues. A petition for resentencing filed pursuant to section 1172.6 is limited to the issues implicated by that statute. (See, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.) Neither of Gudino's arguments falls within the scope of section 1172.6. Gudino could have raised the issue of cruel and unusual punishment in his direct appeal, but did not. Moreover, Gudino was convicted and sentenced in 2016, prior to the January 1, 2022 effective date of Senate Bill No. 4083, and his case has been final for some time. Finally, the legislation is not applicable to Gudino's case. Senate

---

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

Bill No. 4083 provides relief for certain sentence enhancements imposed pursuant to section 667.5, subdivision (b), and section 11370.2 of the Health and Safety Code. (Stats. 2018, ch. 728, §§ 2–3.) Gudino was not sentenced under either section.

## DISPOSITION

The trial court's order denying the petition for resentencing under section 1172.6 is affirmed.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


BAKER, Acting, P. J.


KIM, J.


4